THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
James E. Johnson,       
Appellant.
 
 
 

Appeal From Horry County
John  L. Breeden, Circuit Court Judge

Unpublished Opinion No. 2005-UP-166
Submitted February 1, 2005  Filed March 7, 2005

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Derrick K. McFarland, all of Columbia; and Solicitor John Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM: James Johnson appeals the lower courts denial of his directed verdict motion.  We affirm.[1]  
FACTS
On the night of July 3 and the early morning of July 4, 2002, James Johnson, Gregory Ray, and Anthony Johnson were in Myrtle Beach when they met Jason Ernst, who attempted to sell them ecstasy pills.  James, Gregory, and Anthony then proceeded to abduct Ernst, steal his pills and wallet, and force him to give them his Personal Identification Number to his debit card.  The men then drove to several Automatic Teller Machines (ATM) and withdrew cash, then claimed they dropped Ernst off on an isolated highway.  Ernsts dead body was found underneath a Highway 22 ramp, precisely where James stated they had let Ernst out of their vehicle.  The death occurred as a result of a fall from a bridge.  In September and November of 2002, the Horry County grand jury indicted James Johnson on four counts: murder, kidnapping, strong armed robbery, and financial card fraud.  After the State presented its case at trial, Johnson made a motion for directed verdict on all charges, which the trial court denied.  The jury found James guilty and the trial judge sentenced him to life imprisonment for the murder.  This appeal follows.
STANDARD OF REVIEW
When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight. State v. Gaster, 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002).  When reviewing a denial of a directed verdict, this Court must view the evidence and all reasonable inferences in the light most favorable to the State. State v. Burdette, 335 S.C. 34, 46, 515 S.E.2d 525, 531 (1999). If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury. State v. Harris, 351 S.C. 643, 653, 572 S.E.2d 267, 273 (2002).
LAW/ANALYSIS
James argues the trial court erred by refusing to direct a verdict of acquittal on the charge of murder because the State did not introduce any direct or circumstantial evidence that reasonably tended to prove guilt.  We disagree.
Viewing the evidence in the light most favorable to the State, sufficient evidence exists to demonstrate the trial judge correctly sent the case to the jury.  The trial judge relied upon the defendants voluntary statement to police when deciding to deny the directed verdict motion.  We also feel this piece of evidence provided an evidentiary trail indicating at the very least, that James participated in the crimes immediately preceding the death of Ernst.  James admitted to driving the car after Ernst was abducted and robbed of cash and his ATM card.  James also stated that he took the ecstasy pills from Ernst and later dropped him off on a bridge in an area that that by his description, was identical to the location where the victims body was found.  Furthermore, James claimed that the three men let Ernst out of the vehicle and the vehicle then struck Ernst in a manner James described as a loud thump and not a mere tap.  Authorities also found Anthonys wallet in Ernsts pocket.  
A forensic pathologist testified that the victims injuries were consistent with a fall from a high object, but in his opinion, inconsistent with suicide.  A senior examiner with the Department of Latent Prints of the State Law Enforcement Division testified that the victims wounds were consistent with a struggle and with being dragged across the pavement on the bridge and he also ruled out a possible fall as a result of an automobile collision.  
James concedes that the states evidence proves his involvement in the kidnapping and robbery but that no evidence places him at the scene of the murder and cites State v. Martin, 340 S.C. 597, 533 S.E.2d 572 (2000), where the supreme court reversed a denial of a directed verdict when the States evidence failed to place the defendant at the scene. See also State v. Schrock, 283 S.C. 129, 322 S.E.2d 450 (1984).  These cases however, create a much more tenuous link between the respective defendants and the scenes of the crime.   In the case at bar, James admitted to the officer who took his statement to being at the scene and went so far as to describe the location where Ernst plunged to his death.[2]  Viewing the evidence in the light most favorable to the State, we find substantial evidence exists for the trial judge to have denied the directed verdict motion.  [T]he trial judge must submit the case to the jury if there is any substantial circumstantial evidence . . . from which his guilt may be fairly or logically deduced.  State v. Buckmon, 347 S.C. 316, 322, 555 S.E.2d 402, 405 (2001). 
 AFFIRMED.
ANDERSON, BEATTY, and SHORT JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Sergeant Richard Bonneys testimony: 

Q.    And in your description and your understanding of the conversation was the place that the defendant says he left the victim out of the car the same place the body was found?
A.     Yes, it is.